UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-1121-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred at step two and in assessing the medical opinion evidence. (Dkt. # 12 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1981, graduated from high school and has some college education, and previously worked as a restaurant host and table busser, and as a temporary laborer. AR at 53-54, 326. Plaintiff was last gainfully employed in 2016. *Id.* at 54.

ORDER - 1

In March 2015, Plaintiff applied for benefits, alleging disability as of September 30, 2011. AR at 280-85. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 120-26, 137-52. Plaintiff failed to appear for his hearing and the ALJ dismissed his request for a hearing. *Id*. at 111-15. The Appeals Council granted review of the ALJ's dismissal order and directed the ALJ to hold a hearing. *Id*. at 116-19.

The ALJ conducted a hearing in January 2019, where Plaintiff appeared. AR at 46-64. The ALJ held a supplemental hearing in August 2019 to address Plaintiff's failure to appear for two consultative examinations, and Plaintiff did not appear for that hearing. *Id*. at 46-64. The ALJ subsequently issued a decision finding Plaintiff not disabled. *Id.* at 18-26.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff has the following severe impairments: diabetes, status-post two right two amputations, HIV, hepatitis C, and degenerative joint disease of the feet.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can frequently balance and stoop. He can occasionally kneel, stoop, crouch, and crawl. He should avoid concentrated exposure to extreme cold and heat, extreme wetness, vibrations, hazardous machinery, and heights.

Step four: Plaintiff has no past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 18-26.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

//

//

## IV. DISCUSSION

### A. The ALJ Erred at Step Two

At step two, a claimant must make a threshold showing that his medically determinable impairments significantly limit his ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

In this case, the ALJ found at step two that Plaintiff's medically determinable mental impairments, including an antisocial personality disorder, do not cause more than a minimal limitation in Plaintiff's ability to perform basic work activities, and are therefore not severe. AR at 22. The ALJ cited as support for this finding the State agency consultants' opinion as well as mental status examinations in the record showing normal mood, affect, concentration, orientation, and memory. *Id*.

Although the ALJ cited the State agency opinions as support for his findings that Plaintiff's mental functional limitations were no more than mild (AR at 22), the State agency consultants did not so opine: they indicated that the record available to them was insufficient to opine as to Plaintiff's functioning. *See id*. at 67-86, 89-110. The Commissioner concedes that the State agency opinions do not support the ALJ's findings as to Plaintiff's functioning, but contends that the error is harmless because the ALJ also cited normal mental status examinations

that corroborated the ALJ's finding. (Dkt. # 13- at 3-4.) The ALJ did cite findings that could support a finding of no more than mild limitations as to some of the "paragraph B" criteria, but normal findings as to mood, affect, concentration, orientation and memory do not pertain to Plaintiff's social or adaptive functioning. Particularly because the ALJ acknowledged that Plaintiff has an antisocial personality disorder, the ALJ erred in failing to account for the evidence in the record describing Plaintiff's functional limitations that would not necessarily be apparent during a mental status examination. *See, e.g.*, AR at 511-14, 518-24.

Although the Commissioner contends (dkt. # 13 at 4-5), Plaintiff's mental limitations would not be disabling and therefore any error is harmless, the Court declines to assess Plaintiff's mental RFC in the first instance and then compare it to the requirements of the step-five jobs. On remand, the ALJ shall reconsider Plaintiff's mental impairments at step two in light of the entire record.[3]

### B. The ALJ Erred in Assessing Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of the medical opinion evidence, and the Court will address each disputed opinion in turn.

#### 1. Legal Standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a

---

[3] Although Plaintiff requests, in the alternative, a remand for a finding of disability (dkt. # 12 at 18), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Particularly because Plaintiff does not challenge the ALJ's discounting of Plaintiff's self-reports (AR at 23-24), and Plaintiff has been diagnosed with rule-out malingering (*id*. at 522), the Court has serious doubts regarding whether Plaintiff is entitled to benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). The Court finds that the errors in the ALJ's decision warrant a remand for further administrative proceedings.

non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### 2. *Jason Simmons, M.D., and Rena Patel, M.D.*

Two of Plaintiff's treating doctors, Drs. Simmons and Patel, wrote opinions in January 2019 describing Plaintiff's symptoms and limitations, indicating that he would be limited to sedentary work and/or have other disabling mental limitations. *See* AR at 2590-96. The ALJ gave little weight to these opinions, finding them inconsistent with the treatment record showing Plaintiff's normal gait, strength, and sensation. *Id*. at 24.

Plaintiff argues that the ALJ's reasoning is vague and therefore not sufficiently specific or legitimate. (Dkt. # 12 at 4, 11-12.) The ALJ pointed to normal findings inconsistent with opinions that Plaintiff would have disabling physical limitations, but the Court agrees with Plaintiff that the ALJ did not explain why those normal physical findings would undermine the doctors' opinions as to Plaintiff's mental limitations as to communicating, attendance or maintaining focus. *See* AR at 2591, 2595. The Commissioner suggests that the ALJ did not address the mental limitations discussed in the opinions of Drs. Simmons and Patel because the ALJ had found Plaintiff's mental impairments to be non-severe (dkt. # 13 at 8), but the ALJ is required to consider limitations caused by impairments that are medically determinable even if they are not severe. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e).

On remand, the ALJ shall reconsider the opinions of Drs. Simmons and Patel in their entirety and either credit the opinions or provide legally sufficient reasons to discount the limitations they describe.

### 3. *Peter Moore, Psy.D.*

Dr. Moore examined Plaintiff in April 2018 and wrote a narrative report describing Plaintiff's symptoms and significant limitations. AR at 2538-41. The ALJ gave little weight to Dr. Moore's opinion, citing normal mental status examinations. *Id*. at 24-25.

Plaintiff argues that the ALJ's reasoning is insufficient. Plaintiff notes (dkt. # 12 at 8-9) that the evidence cited by the ALJ fails to support his finding: although the ALJ purported to reference normal mental status examinations, some of the records cited are not full mental status examinations (AR at 1989, 2061), some are mental status examinations but include abnormal findings contradicting the ALJ's interpretation (*id*. at 513-14, 688, 2236, 2411, 2577), and another is to nonexistent pages ("10F/49"). The Court agrees that the ALJ failed to cite substantial evidence reflecting the full context of the record, in finding Dr. Moore's conclusions to be inconsistent with the record. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (holding that an ALJ must account for the context of treatment notes when finding them inconsistent with medical opinions).

On remand, the ALJ shall reconsider Dr. Moore's opinion and either credit it or provide legally sufficient reasons to discount it.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's mental impairments at step two, and

reconsider the opinions of Drs. Simmons, Patel, and Moore. The ALJ shall also reconsider any other parts of the decision as necessary.

Dated this 19th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8